THE UNITED STATES OF AMERICA, EX REL.
WASHINGTON

*v.*

JOHNSON.

LIQUOR LAW; EXCISE BOARD; LICENSES; MANDAMUS.

1. It is the duty of the excise board under the act of Congress of March 3, 1893, regulating the sale of intoxicating liquor in this District, to determine, at least *prima facie*, whether an applicant for a liquor license, who claims to be the proprietor of a hotel, is in fact and in good faith, the owner or lessee of a hotel, and whether the house is an established hotel; and, having a discretion to exercise, its decision will not be reviewed by means of a writ of *mandamus*.

2. The fact that the assessor of the District has previously issued a license to such an applicant to carry on the hotel business at a specified place, does not preclude the excise board from making inquiry as to whether the applicant conducts a regularly established hotel.

3. Where the answer to a petition for a writ of *mandamus* to compel the excise board to issue a liquor license to the relators, who claim to be the proprietors of a hotel, denies they have an established hotel and states that they conduct a cheap lodging house which is used for immoral purposes, such answer must be taken to be true, and the question of fact being determined against them, the writ can not issue.

No. 784.   Submitted April 5, 1898.   Decided May 3, 1898.

HEARING on an appeal by the relators from an order dismissing a petition for a writ of *mandamus* to the excise board of the District of Columbia to require the issuance of a barroom license. *Affirmed.*

The COURT in its opinion stated the case as follows:

The relators in this case claim to be proprietors of certain premises in the city of Washington, designated by them in their petition as the Douglass Hotel, No. 235 Pennsylvania avenue, and running back to No. 220 B street,

12 Ct. App.—36

northwest, and containing twenty-seven rooms, for which
to be conducted as a hotel they say they have obtained
a license from the assessor of the District of Columbia.
The license which they claim, and which was required by
an act of the former Legislative Assembly of the District
of Columbia, of August 23, 1871, providing a tax upon
occupations pursued in the District, was issued on Novem-
ber 2, 1897, to one Mrs. Dolly Jones, who seems to be the
wife of John D. Jones, one of the relators, and was assigned
and transferred by her to the relators on January 20, 1898.
This license provided that Mrs. Jones might conduct the
hotel business at No. 220 B street, northwest. But when its
transfer to the relators was approved by the assessor on
January 21, 1898, his endorsement on it was to them "as
proprietors of a hotel located at No. 235 Pennsylvania ave-
nue, northwest, and No. 220 B street, northwest." The
alleged hotel, it seems, comprised two houses, adjacent to
each other, but fronting on different streets, the one No.
235 Pennsylvania avenue containing, at the time of an
investigation made by the excise board on February 10,
1898, ten bedrooms, and the other, No. 220 B street, at the
same time containing eighteen bedrooms. It appeared, also,
that the premises No. 235 Pennsylvania avenue were held
by the relator, Joseph D. Jones, under a lease to him from
the owner for two years, from and after July 15, 1896.
The houses are distinct houses; but there was a connection
at some time made between them on the first or ground
floor, which was the only connection.

On October 12, 1897, the relators presented a petition to
the excise board for a barroom license to be issued to
them as conducting a hotel under the designation of the
"Douglass House," at No. 235 Pennsylvania avenue, north-
west, and running thence through to B street, northwest.
What action, if any, was had on this petition, is not stated,
and does not appear in the record before us. But on
November 17, 1897, the relators filed another petition with

the excise board for a license for a barroom, to be located at No. 235 Pennsylvania avenue, northwest, without any reference in their petition to the character of the premises as a hotel or otherwise. This application was rejected by the excise board on January 5, 1898. The relators then, on January 20, 1898, applied for a hearing or rather a rehearing, before the board; and to this the board on the same day (January 20, 1898), replied that after due consideration it had decided to adhere to the action already taken by it in rejecting the application. Again, on January 26, 1898, the relators renewed their application for a rehearing; and again, on the same day, the excise board notified them of its adherence to its previous action. Thereupon, the relators, on February 1, 1898, instituted the present proceedings, by filing in the Supreme Court of the District of Columbia a petition for the issue of the writ of *mandamus* to require the excise board to grant to them a " license for a barroom in the Douglass Hotel."

In their petition, after recital of their several attempts, as here stated, to procure a license, they alleged that they were entitled to the license as having complied with all the requirements of law; that their house was an established hotel, having more than the twenty-five rooms required by law for such a hotel; and that the law was mandatory upon the excise board to issue the license to them.

The board made answer to the petition, and denied that the "Douglass House" was an established hotel, or that it was a house for the entertainment of travelers. They further averred that it was a cheap lodging house used for immoral purposes; and that its claim of being a hotel was a mere pretext for the procurement of a barroom license, when there were already two barrooms in the immediate vicinity. And they appended to their answer, as part of it, a report of the premises, made to them by their agent and inspector, which tended to show the immoral character of the occupation of the premises.

The case seems to have been by the relators set for hearing on the petition and answer; and the court thereupon refused the writ and dismissed the petition. From its order in that respect the present appeal has been prosecuted by the relators.

*Mr. Tracy L. Jeffords* and *Mr. James H. Smith* for the appellants.

*Mr. S. T. Thomas*, Attorney for the District of Columbia, and *Mr. A. B. Duvall*, Assistant Attorney, for the appellees.

Mr. Justice MORRIS delivered the opinion of the Court:

The claim of the appellants is based upon a proviso contained in the fifth section of the existing excise act, which is the act of Congress of March 3, 1893 (27 Stat. 563, 565), for the regulation of the sale of intoxicating liquors in the District of Columbia. The section is as follows:

"That in the cities of Washington and Georgetown it shall be the duty of every applicant for a barroom license to present to the excise board with his application the written permission of a majority of the persons owning real estate, and a majority of the residents keeping house on the side of the square where it is desired to locate such business and on the confronting side of the square fronting opposite the same; . . . *Provided,* that any established hotel or tavern having twenty [by subsequent act twenty-five] chambers for lodging guests shall always have the right to obtain for itself a license for a barroom on complying with the provisions of this act, and the petition in such case must be made by the owner or lessee of such hotel or tavern; *And provided further,* That after such applicant shall have obtained and filed with his petition the consent aforesaid and obtained from the board the license required by this act, it shall not be necessary for such licensee, after the expiration of the period for which such license is issued, to

again obtain such consent for a renewal of the license unless," etc., etc.

But it is plain to us, as no doubt it was to the court below, that the contention of the relators is without foundation. Whether the proviso above cited is to be construed with special reference to the context of the section in which it is found, and is to be regarded merely as exempting hotels from the requirement to procure the consent of adjacent property owners and residents, as would seem to be the most natural construction, or whether it is to be regarded as distinct and independent legislation conferring a special right upon established hotels, it is quite apparent that, under the law, it remains the duty of the excise board, in the proper exercise of their powers, to determine, at least *prima facie*, whether the applicant for a license is, in fact and in good faith, the owner or lessee of a hotel, and whether the house is, in the sense of the law, an established hotel. This duty they have performed in this case, and they appear to have performed it honestly and fairly; and the result of their investigation was that the house claimed to be kept by the relators was not an established hotel in any proper sense of the term, but a place apparently used for immoral purposes; wherefore they determined, and very properly determined, upon the showing made, that it was not such a place as should receive the barroom license that was requested. In view of the provision of the second section of the same act of March 3, 1893, which enacts that it shall be the duty of the excise board "to take up and consider all applications for license to sell intoxicating liquors and to take action on such applications, and that *the action of said board shall be final and conclusive,*" we do not see how the courts can review their decision by means of the writ of *mandamus.* For that is what is virtually sought in this case. The board had a discretion to exercise, and it has exercised it. There is no complaint that it has exceeded or abused its jurisdiction, or that it has in any manner

acted harshly, unfairly, or illegally. And unless its duty in the premises is a purely ministerial duty no ground whatever is shown for the use of the writ of *mandamus*.

The claim of the appellants is that the duty of the board is a purely ministerial duty, and that, under the law, they (the appellants) have an absolute right to the license which they seek, they having in other respects complied with the requirements of the law. But this is plainly an error. To call a place a hotel does not constitute it such. Nor does it constitute a hotel that a person has, in the ordinary routine of official business, procured from the assessor of the District a license to carry on the hotel business in a specified place. It is no part of the duty of the assessor to ascertain what the facts are, or whether the party is in good faith, or whether the place specified is suited for the purposes of a hotel. The license in such cases is issued by the assessor as a matter of course in the ordinary routine of his office, upon application of the party interested and payment to the District of Columbia of the amount of the tax upon the occupation. To hold that such action of the assessor is binding upon the excise board, so far as to preclude inquiry by that board into the facts of the matter, would be to transfer to the assessor the duties imposed by the excise act upon the excise board, and virtually to repeal or nullify the excise act in that regard. The duty of the excise board under the act is discretionary and *quasi*-judicial. The act imposes upon the board the duty of investigation; and its performance of that duty is not subject to review or revision by the courts, except for abuse or excess, or for mistake of the law, which nowhere appear in the present instance.

But even if the appellants were right in their contention that, upon their compliance with all the requirements of law, the duty of the excise board became purely ministerial, they have no standing in this case. The answer of the respondents, which must be taken as true, denies that they

have complied with the requirements of the law.    It denies that they have an established hotel, or any hotel at all, in the proper sense of the term.    And, of course, if their place is not a hotel, or a house for the entertainment of travelers, but a cheap lodging house kept and used for immoral purposes, as the answer states, they had nothing wherewith to comply with the requirements of the law.    There was here, at least, a question of fact; and with that question determined against them, or remaining undetermined, is not apparent how it can properly be said that the relators have complied with all the requirements of the law.

There are incongruities and inconsistencies in the case of the relators, which, in any view that we can take of the law, must bar them from the relief which they seek.    Under their own showing, they were not in possession of No. 220 B street and had no right to carry on the hotel business there until after January 20 or January 21, 1898, when the license issued to Mrs. Dolly Jones for a hotel at that place was transferred to them; and without that place they did not have the requisite number of rooms for an established hotel under the law.    When, therefore, they applied to the excise board in October and November of 1897, and again on January 20, 1898, they were not the owners of any established hotel or the possessors of any license for such a hotel; and the rejection of their application was entirely proper.    And it does not appear that, upon the rehearing which they requested on January 26, 1898, they called attention to the transfer to them of the license issued to Mrs. Dolly Jones. But these inconsistencies and incongruities we regard as of minor importance.

We are of opinion that the order of the Supreme Court of the District of Columbia in the premises was entirely right, and that it should be *affirmed, with costs.    And it is so ordered.*